Filed 6/11/24  P. v. Zaldana CA2/8
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B295959 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA468653) |
| v. | |
| BEDAVID ZALDANA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Mark S. Arnold, Judge.  Affirmed.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael R. Johnsen, Scott A. Taryle and Blythe J. Leszkay, Deputy Attorneys General, for Plaintiff and Respondent.

_____

This is an opinion on remand from the California Supreme Court. On December 17, 2019, we reversed the sentence imposed on defendant Bedavid Zaldana upon his conviction of one count of oral copulation or sexual penetration, three counts of lewd acts and two count of forcible lewd acts, all against children under the age of 14. We found the sentence violated the One Strike law. The One Strike law, codified in Penal Code section 667.61[1], is an alternative, harsher sentencing scheme of either 15 years to life or 25 years to life in prison for certain enumerated sex offenses accompanied by additional specified factual findings. (§ 667.61.) Section 667.61, subdivision (b) mandates a 15 years to life term for an offense involving multiple victims "[e]xcept as provided in subdivision (a), (j), (l), or (m)." One of those identified exceptions—subdivision (j)—requires a longer term of 25 years to life when the victim is a child under the age of 14. The trial court had sentenced Zaldana to five consecutive prison terms of 15 years to life and one stayed term of 15 years to life, for an aggregate sentence of 75 years to life. Five of the six counts fell within the One Strike law. We concluded Zaldana's sentence was unauthorized under section 667.61 because subdivision (j)(2) mandated the longer indeterminate sentence of 25 years to life for an offense falling within the One Strike law when the victim is under the age of 14. We held the trial court was required to impose five terms of 25 years to life. As relevant to this opinion on remand, we also found that the Information gave Zaldana constitutionally sufficient notice of this longer possible sentence. We returned the matter to the trial court for imposition of the higher terms. (*People v. Zaldana* (Dec. 17, 2019, B295959) [nonpub. opn.].)

---

[1] Statutory references are to the Penal Code.

2

Zaldana filed a petition for review with the California Supreme Court. On March 18, 2020, the California Supreme Court granted the petition and deferred further action pending consideration and disposition of a related issue in *Vaquera on Habeas Corpus*, S258376.

On May 15, 2024, the California Supreme Court transferred the matter to us with directions to vacate our decision and reconsider the cause in light of *In re Vaquera* (2024) 15 Cal.5th 706. (Cal. Rules of Court, rule 8.528(d).) We now vacate our decision and affirm the sentence the trial court originally imposed on Zaldana.

The relevant facts of our prior opinion are recited below. Zaldana sexually molested his two daughters while each was under the age of 14. The girls reported the abuse to their mother and brother who went to the police. Zaldana was criminally prosecuted. The jury convicted him of the charged offenses and found true the allegations that there were multiple victims and the victims were under the age of 14 at the time of the offenses.

## DISCUSSION

In our prior opinion, we concluded the Information provided Zaldana with adequate notice that he faced possible imprisonment for the longer prison terms of 25 years to life. We noted that in regard to the longer possible sentence, the Information alleged "within the meaning of Penal Code section 667.61[, subdivisions] (b) and (c)(4), as to defendant, BEDAVID ZALDANA, . . . the following circumstances apply: The defendant in the present case committed an offense specified in Section 667.61[, subdivision] (c) against more than one victim." For each count, the jury found the multiple victim circumstance true. In finding the Information provided adequate notice, we noted that

3

the reference in the Information to section 667.61, subdivision (b) was critical because section 667.61, subdivision (b) cross-references and directs the reader to subdivision (j)(2) and its longer prison term. Because the Information alleged both his daughters were under the age of 14 when Zaldana molested them, we found Zaldana was undoubtedly on notice that he could be subject to the longer terms provided by subdivision (j)(2). We expressly cited to and relied on the Court of Appeal decision in *In re Vaquera* (2019) 39 Cal.App.5th 233, review granted November 26, 2019, S258376, which involved nearly identical facts and an information that gave notice of the possibility of a longer term in exactly the same way as did Zaldana's Information.

In *In re Vaquera* (2024) 15 Cal.5th 706, our Supreme Court reversed the longer sentence imposed on Vaquera on the ground that the Information did not specify "that the prosecution was seeking 25 years to life on [count 2], cite to subdivision (j)(2), or otherwise make clear that the prosecution was seeking a longer sentence based on the victim's age. Because the allegation did not inform Vaquera of the prosecution's intent to invoke the One Strike law circumstance on which the trial court ultimately sentenced him, the allegation failed to provide him fair notice." (*Id*. at p. 725.)

Here, the notice provided to Zaldana mirrored the insufficient notice given to Vaquera. Both parties contend, and we agree, that the original terms imposed by the trial court were correct. Accordingly, we affirm the original 15 years to life prison terms.

4

## DISPOSITION

The judgment is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

STRATTON, P. J.

We concur:

GRIMES, J.

WILEY, J.